[No. 29310-9-I. Division One. April 20, 1992.]

THE STATE OF WASHINGTON, *Appellant*, v. WILLIAM
CHARLES BRAND, *Respondent*.

*Norm Maleng, Prosecuting Attorney,* and *Michele Shaw, Deputy,* for appellant.

*Mark D. Mestel* and *Mestel & Muenster,* for respondent.

FORREST, J. — The State appeals a superior court order vacating Brand's conviction and granting Brand a new trial, claiming (1) the motion was not timely filed, (2) the motion violates prohibitions on multiple petitions, (3) the court abused its discretion in granting the motion, and (4) the court lacked jurisdiction to hear the motion. We reverse and remand.

Brand was charged February 27, 1985, with first degree premeditated murder of his wife on February 21 or 22, 1985. Prior to trial Brand underwent extensive medical, psychiatric and psychological evaluations. The trial date was continued at least twice to allow for continued evaluations. The case proceeded on a bench trial before Judge Jim Bates. At trial the experts were only able to conclude that Brand suffered from diminished capacity. Judgment and sentence were entered September 23, 1986, and Brand was acquitted on first degree murder, due to the insufficiency of evidence of premeditation, but was found guilty of the lesser charge of second degree murder.

Brand appealed the conviction and also filed a pro se personal restraint petition (PRP). In his PRP Brand argued that the use of anabolic steroids and antidepressants caused him to be legally insane at the time of the murder. The PRP cited RAP 16.4(c)(3), "[m]aterial facts which have not been previously presented", and requested this court to return the case to the Superior Court for a reference hearing pursuant to RAP 16.11(b). Subsequent to the filing of the PRP this court allowed Brand's appellate counsel to supplement the record with articles and correspondence from Dr. Pope, an expert in the field, upon which Brand had relied in filing the PRP.

This court dismissed the PRP, holding that Brand's failure to disclose the full extent of his medications to his counsel and medical experts was not a basis for a new trial. This court also found an insufficient causal connection in the expert opinion regarding Brand's mental condition and the alleged new scientific theory. The conviction was affirmed and a mandate issued on April 9, 1990.

Apparently Brand remained in contact with Dr. Pope, and further investigation was conducted. In June of 1991 Brand filed a motion for a new trial with Judge Bates. The motion was based on "newly discovered evidence" citing CrR 7.6(a)(3). The motion was supported by an affidavit from Dr. Pope, not included in the prior PRP, stating that in his opinion Brand was rendered insane by the drugs. Dr. Pope stated the theory that made this conclusion possible was unavailable to the medical community at the time of the original trial. The motion was amended August 12, 1991, to include CrR 7.8 as a basis for relief.

Judge Bates granted the motion on August 20, 1991. The court denied the State's motion for reconsideration October 8, 1991. On October 10, 1991, the court entered a formal order granting a new trial pursuant to CrR 7.8(b)(5), and releasing Brand from custody.

# I
## BRAND IS NOT ENTITLED TO RELIEF
### UNDER THE FORMER VERSION
### OF CrR 7.8(b)(5)[1]

Brand's motion is based on Dr. Pope's affidavit which explicitly states that the information is new and was not available at the date of trial. Hence, the motion is unequivocally based on "newly discovered evidence", CrR 7.8(b)(2). Indeed, the judge first proposed to grant relief on this basis. After the State pointed out that relief under CrR 7.8(b)(2) was limited for a period of not more than 1 year after judgment, the judge shifted the basis of his ruling to CrR 7.8(b)(5). Brand urges that when the motion is based on CrR 7.8(b)(5) the 1-year time limit is no longer applicable and the motion need only be filed within a reasonable time. While this may be a correct understanding of the time limit, we do not agree that the basis of the motion may be shifted in this manner.

CrR 7.8(b)(5) states, "Any *other* reason justifying relief . . .". (Italics ours.) In context CrR 7.8(b)(5) plainly means any reason other than those set forth in the four prior subsections, including newly discovered evidence dealt with

---

[1]At the time Brand filed his motion the applicable portions of CrR 7.8 read as follows:

"**(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud; etc.** On motion and upon such terms as are just, the court may relieve a party from a final judgment, order, or proceeding for the following reasons:

". . . .

"(2) Newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under rule 7.6;

". . . .

"(5) Any other reason justifying relief from the operation of the judgment.

"The motion shall be made within a reasonable time and for reasons (1) and (2) not more than 1 year after the judgment, order, or proceeding was entered or taken. A motion under section (b) does not affect the finality of the judgment or suspend its operation."

The effect of the September 19, 1991, amendment is discussed in the next section.

in section (b)(2).[2] It would contravene all the normal rules of statutory construction for the court to accept a construction of CrR 7.8(b)(5) which renders section (b)(2) meaningless.[3] CrR 7.8(b)(5) does not authorize relief on the basis of newly discovered evidence.

Since Brand's motion was filed more than 1 year following his conviction and the mandate from this court, he is not entitled to relief under former CrR 7.8(b)(2).

## II
### CrR 7.8 AS AMENDED APPLIES

■ CrR 7.8 was amended to include statutory limitations on filing collateral attacks on criminal judgments. The amended rule became effective September 1, 1991,[4] after proceedings on Brand's motion commenced but before the formal order was entered October 9, 1991. However, the criminal rules expressly apply to any proceedings then pending in superior court.[5] The application of the amended rule is particularly appropriate in this case since the statutory limitations, although not then incorporated into CrR 7.8, were in effect when Brand filed his motion. Even absent incorporation a court would have been obligated to consider the relationship between statutory provisions and

---

[2]*See In re Marriage of Yearout*, 41 Wn. App. 897, 902, 707 P.2d 1367 (1985) (construing the analogous CR 60, the court held the catchall of CR 60(b)(11) is reserved for extraordinary circumstances *not* covered in other sections).

[3]*State v. Austin*, 59 Wn. App. 186, 199, 796 P.2d 746 (1990) (court rules are interpreted in the same manner as statutes).

[4]"The motion shall be made within a reasonable time and for reasons (1) and (2) not more than 1 year after the judgment, order, or proceeding was entered or taken, *and is further subject to RCW 10.73.090, .100, .130, and .140.* A motion under section (b) does not affect the finality of the judgment or suspend its operation." (Italics ours, denoting amended language.) CrR 7.8(b).

[5]"These rules also apply to any proceedings in court then pending or thereafter commenced regardless of when the proceedings were commenced, except to the extent that in the opinion of the court, the former procedure should continue to be made applicable in a particular case in the interest of justice or because of infeasibility of application of the procedures of these rules." CrR 1.3(b).

the provisions of the rule. The amendment incorporating the statutory provisions into the rule avoids the question as to which should prevail in the case of a conflict — the rule or the statute — and mandates that the provisions be construed together. Accordingly, we hold that Brand's motion should be analyzed under CrR 7.8 as amended September 1, 1991. Thus, the controlling issue, not addressed by the court below, is whether the statutory provisions which are incorporated into CrR 7.8 justify relief.

## III
### RCW 10.73.100(1) Provides a Basis on Which Relief May Be Granted

 RCW 10.73.090(1) provides a 1-year time limit for collateral attack.[6] An exception is made for newly discovered evidence: "if the defendant acted with reasonable diligence in discovering the evidence and filing the petition or motion". RCW 10.73.100(1). CrR 7.8, as amended, is thus internally inconsistent since the CrR 7.8(b) language limiting relief based on newly discovered evidence to a period of 1 year remains in the rule. Where a statutory amendment is inconsistent with unamended portions of the statute the amendatory portions control.[7] Similar reasoning applies to amendment of the court rules.[8] Indeed the purpose of an amendment is to make a change, thus the later language must prevail in the case of a conflict. While it would be more obvious if the language of RCW 10.73.090, .100, .130, and .140 had been set out verbatim, the same result follows from incorporation by reference. Accordingly the previous 1-year limitation for filing a motion based on newly discovered evidence under CrR 7.8(b)(2) is superseded by the newly incorporated statutory provisions. Brand's application must

---

[6]"No petition or motion for collateral attack on a judgment and sentence in a criminal case may be filed more than one year after the judgment becomes final if the judgment and sentence is valid on its face and was rendered by a court of competent jurisdiction." RCW 10.73.090(1).

[7]*State v. Standifer*, 110 Wn.2d 90, 94, 750 P.2d 258 (1988).

[8]*State v. Greenwood*, 57 Wn. App. 854, 857, 790 P.2d 1243 (1990).

be examined under the statutory provisions now incorporated into CrR 7.8.

## IV

### BRAND MUST DEMONSTRATE "REASONABLE DILIGENCE"

The sufficiency of Brand's motion is tested by RCW 10.73.100(1) requiring the moving party to demonstrate reasonable diligence in discovering the evidence *and* filing his motion.[9] In this case the court must examine the time between the end of Brand's trial and the filing of his CrR 7.8 motion to determine if Brand exercised reasonable diligence. Although the trial court discussed diligence in connection with the preliminary decision based on CrR 7.8(b)(2), there is no written factual finding on this issue in the court's final order now before us for review.[10] We note that Dr. Pope's affidavit, and the court's findings, specifically address the state of scientific knowledge as of the date of *trial*. What is not addressed is the precise time that the scientific knowledge became accepted in the scientific community and available to Brand for purposes of postconviction relief. Dr. Pope's letter, dated July 12, 1989, which was the basis of Brand's PRP is of significance in this regard.[11]

## V

### THE RCW 10.73.140 LIMITATION ON SUCCESSIVE PETITIONS APPLIES TO BRAND'S MOTION

A related, but distinctly different, question that must also be addressed is whether Brand has shown good cause for not raising in his personal restraint petition the grounds

---

[9]"The time limit specified in RCW 10.73.090 does not apply to a petition or motion that is based solely on one or more of the following grounds:

"(1) Newly discovered evidence, if the defendant acted with reasonable diligence in discovering the evidence and filing the petition or motion;" RCW 10.73.100(1).

[10]*See State v. Stevens,* 58 Wn. App. 478, 502, 794 P.2d 38, *review denied,* 115 Wn.2d 1025 (1990); *Shinn v. Thrust IV, Inc.,* 56 Wn. App. 827, 838, 786 P.2d 285, *review denied,* 114 Wn.2d 1023 (1990).

[11]The PRP is relevant to this point only in that it serves as evidence of when Brand discovered the new evidence and his diligence in acting on that knowledge, and how it may have contributed to the delay in filing the motion.

asserted in the motion for new trial. This issue involves two related issues: (1) is Brand's motion the equivalent of a PRP and (2) do the limitations on successive petitions apply to motions brought in the superior court? We answer both of these questions in the affirmative.

■ The definition of collateral attack in RCW 10.73.090(2) is comprehensive and clearly includes Brand's current CrR 7.8 motion.[12] For the purpose of the RCW 10.73.140[13] limitation on successive writs we consider Brand's current motion under CrR 7.8 the functional equivalent of a PRP. Both the statutory language[14] and the preamendment language of the rule establish this equivalence.[15]

---

[12]RCW 10.73.090(2):

"(2) For the purposes of this section, 'collateral attack' means any form of postconviction relief other than a direct appeal. 'Collateral attack' includes, but is not limited to, a personal restraint petition, a habeas corpus petition, a motion to vacate judgment, a motion to withdraw guilty plea, a motion for a new trial, and a motion to arrest judgment."

[13]"If a person has previously filed a petition for personal restraint, the court of appeals will not consider the petition unless the person certifies that he or she has not filed a previous petition on similar grounds, and shows good cause why the petitioner did not raise the new grounds in the previous petition. Upon receipt of a personal restraint petition, the court of appeals shall review the petition and determine whether the person has previously filed a petition or petitions and if so, compare them. If upon review, the court of appeals finds that the petitioner has previously raised the same grounds for review, or that the petitioner has failed to show good cause why the ground was not raised earlier, the court of appeals shall dismiss the petition on its own motion without requiring the state to respond to the petition. Upon receipt of a first or subsequent petition, the court of appeals shall, whenever possible, review the petition and determine if the petition is based on frivolous grounds. If frivolous, the court of appeals shall dismiss the petition on its own motion without first requiring the state to respond to the petition." RCW 10.73.140.

[14]RCW 10.73.090(2).

[15]CrR 7.8(c)(2):

"*Initial Consideration*. The court may deny the motion without a hearing if the facts alleged in the affidavits do not establish grounds for relief. The court may transfer a motion to the Court of Appeals for consideration as a personal restraint petition if such transfer would serve the ends of justice. Otherwise, the court shall enter an order fixing a time and place for hearing and directing the adverse party to appear and show cause why the relief asked for should not be granted."

RCW 10.73.140 is somewhat confusing because, in establishing limitations on successive applications for PRP's, the section explicitly refers only to actions by the Court of Appeals. Although there is no express language in the statute dealing with PRP's filed in the trial court rather than in the appellate court, it is clear the same limitations apply.[16] By incorporating these statutory provisions in CrR 7.8 for the superior court as well as in RAP 16.4(d),[17] the Supreme Court strongly suggests that the PRP limitations apply in the trial court. Indeed, it would be irrational and indefensible to apply a different standard to applications for postconviction relief depending on whether a proceeding is filed in the appellate court or in the trial court. We hold that the provisions of RCW 10.73.140, now part of CrR 7.8, place limitations on second applications for PRP relief and are applicable to Brand's motion.

The principal concern of the statutory limitations is to strike a fair balance between protecting defendants' rights to postconviction relief from unjust or unlawful convictions on the one hand and to prevent unnecessary delay and abuse of postconviction relief proceedings on the other. We note that Dr. Pope examined Brand in person within 2 months of the date of this court's mandate pointing out the deficiencies in Brand's PRP. A few months later he signed the affidavit stating the lack of scientific knowledge as of the date of trial, but not as of the date of Brand's PRP. This obviously raises concerns as to whether Brand's current grounds should have been included in his PRP. Whether Brand can show good cause for failing to present his current

---

[16]*See In re Taylor*, 105 Wn.2d 683, 688, 717 P.2d 755 (1986).

[17]"**(d) Restrictions.** The appellate court will only grant relief by a personal restraint petition if other remedies which may be available to petitioner are inadequate under the circumstances and if such relief may be granted under RCW 10.73.090, .100, and .130. No more than one petition for similar relief on behalf of the same petitioner will be entertained without good cause shown." RAP 16.4(d).

information or argument in his PRP must be addressed by the trial court.[18]

## VI
### THE TRIAL COURT HAS JURISDICTION
### TO HEAR BRAND'S MOTION

The State contends the trial court had no jurisdiction to consider the merits of Brand's motion after this court's mandate has gone down.[19] CrR 7.8 contains no such express limitation although both RAP 16.5 and RCW 10.73.140 apparently contemplate PRP's should be filed with the Court of Appeals. However, the Washington State Constitution vests jurisdiction for habeas corpus in the superior court[20] and RAP 16.3(b) specifically states that the RAP Title 16 rules do not supersede and do not apply to such proceedings.[21] Although denominated a CrR 7.8 motion, the basis for relief in Brand's motion is similar to that sought in traditional habeas corpus proceedings. In the absence of express language in the criminal rule or an authoritative Supreme Court decision, we doubt that postconviction relief sought after a mandate on direct appeal is exclusively within the province of the Court of Appeals.[22]

---

[18]The trial court may find guidance for this review in the standards enunciated in *In re Haverty*, 101 Wn.2d 498, 681 P.2d 835 (1984). Although addressing RAP 16.4(d), the opinion's analysis is appropriate to the statute.

[19]While RAP 7.2 limits the superior court's authority to modify a judgment while it is pending in the appellate court, the rule does not limit the superior court's jurisdiction to hear the motion, *see State v. Duncan*, 111 Wn.2d 859, 765 P.2d 1300 (1989). It also has no effect on judgments that are no longer being reviewed by the appellate court.

[20]Article 4, section 6 of our constitution.

[21]"The procedure established by rules 16.3 through 16.15 for a personal restraint petition supersedes the appellate procedure formerly available for a petition for writ of habeas corpus and for an application for postconviction relief, unless one of these rules specifically indicates to the contrary. These rules do not supersede and do not apply to habeas corpus proceedings initiated in the superior court." RAP 16.3(b).

[22]*See Toliver v. Olsen*, 109 Wn.2d 607, 612, 746 P.2d 809 (1987) (defendant is not required to file a PRP in appellate court before he can petition superior court for writ of habeas corpus).

■ In any event, we find it unnecessary for the purpose of this case to decide under what circumstances, if any, an application for a PRP is appropriate in the superior court after a mandate affirming the conviction has issued from the Court of Appeals. The State did not initially challenge the propriety of the court's addressing the merits of Brand's petition and having failed to do so in the trial court it is too late for it to do so now. At some point, in some court, Brand's contention that he is entitled to postconviction relief must be examined. Indeed, if his petition had been filed in the Court of Appeals, it would have probably been transferred to the superior court for a reference hearing pursuant to RAP 16.11(b).[23] That, in fact, is the ultimate result of our decision today and, accordingly, we reject the State's argument that the issues are not properly before us because the Superior Court did not have jurisdiction.

## SUMMARY

This case was presented and argued on different legal theories than we find to be applicable. The record is insufficient to permit us to resolve these issues without appropriate factual findings by the trial court. On remand each party should be given the opportunity to offer such further evidence as the court deems appropriate. We hold that the superior court has authority to hear Brand's CrR 7.8(b)(2) motion and that the limits on postconviction relief contained in RCW 10.73.090, .100, .130, and .140 apply to the motion. The trial court should make and enter findings to resolve two questions:

1. Did Brand exercise "reasonable diligence" in securing and presenting Dr. Pope's opinion as to his criminal insanity at the time of the murder? RCW 10.73.100(1).

---

[23]"If the petition cannot be determined solely on the record, the Chief Judge will transfer the petition to a superior court for a determination on the merits or for a reference hearing. The Chief Judge may enter other orders necessary to obtain a prompt determination of the petition on the merits." RAP 16.11(b), in part. In fact, this court has previously stated that such a reference hearing will require review analogous to a CrR 7.6 motion based upon newly discovered evidence, which in this case was Brand's original motion. *See State v. Davis*, 25 Wn. App. 134, 137, 605 P.2d 359 (1980).

2. Has Brand shown "good cause" for not presenting Dr. Pope's opinion in his PRP? RCW 10.73.140.

If the answer to both questions is "yes" the court should enter a new order granting Brand a new trial. If the answer to either question is "no", the court should dismiss the petition.

The order granting the new trial is reversed and the order releasing Brand from custody is vacated. The case is remanded for further proceedings consistent with this opinion.

GROSSE, C.J., and KENNEDY, J., concur.

Review granted at 119 Wn.2d 1013 (1992).