[No. 59278-1.   En Banc.   December 10, 1992.]

THE STATE OF WASHINGTON, *Petitioner*, v. WILLIAM CHARLES BRAND, *Respondent*.

*Norm Maleng, Prosecuting Attorney, Theresa Fricke, Senior Prosecuting Attorney,* and *Michele Shaw, Deputy,* for petitioner.

*Mestel & Muenster* and *Mark D. Mestel,* for respondent.

DOLLIVER, J. — The State of Washington challenges an order granting William C. Brand a new trial based on newly discovered evidence regarding the psychiatric effects of testosterone and antidepressant use. The State does not dispute the following facts: for 22 months, Brand received a monthly injection of Depotestosterone, an anabolic-androgenic steroid; the treatment ended 2 months before the criminal conduct at issue. During this period, Brand also intermittently received prescriptions for various antidepressants.

In August 1986, the trial court found Brand guilty of murder in the second degree. The trial court entered the following findings of fact and conclusions of law: (1) in February 1985, Brand shot his wife Jacqueline twice in the head with a .357 magnum revolver, causing her death; (2) Brand was not guilty of first degree murder because the prosecution failed to establish beyond a reasonable doubt that Brand premeditated the killing; (3) Brand's capacity to form the requisite mens rea for second degree murder was not diminished by mental illness at the time of the shooting; and (4) Brand intended to and did kill Jacqueline Brand.

Brand filed a timely appeal, primarily on grounds the trial court did not properly inquire into his capacity to waive the right to a jury trial. Acting pro se, Brand also filed a personal restraint petition (PRP), arguing *inter alia* that newly discovered evidence regarding the effects of testosterone treatment on his mental capacity at the time of the shooting warranted a new trial. The Court of Appeals consolidated the direct review and the PRP, affirming the conviction and dismissing the petition. *State v. Brand*, 55 Wn. App. 780, 780 P.2d 894 (1989) (portion of opinion relating to PRP unpublished), *review denied*, 114 Wn.2d 1002 (1990).

On April 9, 1990, the Court of Appeals issued its mandate terminating review. More than 1 year later and assisted by counsel, Brand filed a motion for a new trial on grounds the previously unknown psychiatric effects of combined steroid and antidepressant use would probably change the result of trial. The trial court issued an order vacating Brand's conviction under CrR 7.8(b)(5) ("[T]he court may relieve a party from a final judgment . . . [for a]ny other reason justifying relief from the operation of the judgment."). The State of Washington appealed, arguing: (1) the trial court lacked jurisdiction to vacate a conviction previously affirmed by an appellate court; (2) Brand's motion violated the rule against repetitious postconviction collateral attacks; and (3) Brand's motion failed to satisfy jurisdictional time requirements. The Court of Appeals remanded for additional determinations on the procedural matters. *State v. Brand*, 65 Wn. App. 166, 176-77, 828 P.2d 1 (1992). We granted the State's petition for review and now reverse on grounds that Brand's motion is procedurally barred.

We have previously noted the significant costs associated with collateral review. "Collateral relief undermines the principles of finality of litigation, degrades the prominence of the trial, and sometimes costs society the right to punish admitted offenders." *In re Hagler*, 97 Wn.2d 818, 824, 650 P.2d 1103 (1982). On the other hand, we recognize the role of collateral review in preserving constitutional liberties and

remedying prejudicial error. *See In re Taylor*, 105 Wn.2d 683, 686, 717 P.2d 755 (1986). Thus, in balancing these competing interests, we limit collateral review, but not so rigidly as "to prevent the consideration of serious and potentially valid claims." *In re Cook*, 114 Wn.2d 802, 809, 792 P.2d 506 (1990).

At issue is whether Brand's motion is subject to the time and manner limitations on collateral review, and if so, whether Brand's motion satisfies those restrictions. On the record, we are unable to determine whether Brand's motion is exempt from the 1-year time limit on collateral attacks, *see* RCW 10.73.100(1); *Brand*, 65 Wn. App. at 172; however, we find remand unnecessary because Brand's motion constitutes a subsequent petition on similar grounds procedurally barred by CrR 7.8(b) and RCW 10.73.140. Thus, we need not reach the remaining procedural issues or the merits of Brand's claim.

█The trial court granted Brand relief under CrR 7.8(b)(5). The Court of Appeals ruled CrR 7.8(b)(5) does not authorize relief based on reasons explicitly set forth in the other four subsections. *Brand*, 65 Wn. App. at 169. We agree. *E.g., State v. Keller*, 32 Wn. App. 135, 140, 647 P.2d 35 (1982) (analogous CR 60(b)(11) provides relief only in "extraordinary circumstances not covered by any other section of the rule"). Accordingly, we treat Brand as moving for a new trial under CrR 7.8(b)(2) ("[n]ewly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under rule 7.6").

██ A motion under CrR 7.8(b) is expressly subject to RCW 10.73.140, which provides:

> If a person has previously filed a petition for personal restraint, the court of appeals will not consider the petition unless the person certifies that he or she has not filed a previous petition on similar grounds, and shows good cause why the petitioner did not raise the new grounds in the previous petition. . . .

RCW 10.73.140, however, governs only personal restraint petitions before the Court of Appeals. *See Weyerhaeuser Co. v.*

*Tri*, 117 Wn.2d 128, 133-34, 814 P.2d 629 (1991) ("[W]hen a statute specifies the class of things upon which it operates, it can be inferred that the Legislature intended to exclude any omitted class."). Thus, the reference in CrR 7.8(b) to RCW 10.73.140 is ambiguous. Nevertheless, we must attempt to give meaning to the reference. *Cox v. Helenius*, 103 Wn.2d 383, 388, 693 P.2d 683 (1985) ("[n]o part should be deemed inoperative or superfluous"). We therefore conclude the drafters of CrR 7.8(b) intended RCW 10.73.140 to apply by analogy. To hold otherwise would thwart the legislative purpose by allowing repetitious collateral attacks in the trial courts in contravention of the policy limiting collateral review. *See Taylor*, 105 Wn.2d at 688 (courts should discourage "review upon review in forum after forum ad infinitum"); *In re R.*, 97 Wn.2d 182, 187, 641 P.2d 704 (1982) (adopt an interpretation that "best advances the legislative purpose"); *cf.* RCW 10.73.090(2) (collateral attack means "any form of postconviction relief other than a direct appeal").

We hold a court may not consider a CrR 7.8(b) motion if the movant has previously brought a collateral attack on similar grounds. RCW 10.73.140. We further hold, in the context of "newly discovered evidence", a collateral attack is based on "similar grounds" unless the current evidence is significantly different in either quantum or quality from the evidence presented in a previous collateral attack. *See Webster's Third New International Dictionary* 2120 (1971) (defining similar as "having characteristics in common" and "alike in substance or essentials").

In the case before us, we find no significant increase in the quantum or quality of the evidence. Brand's current motion offers the same scientific theory, the same doctor's opinion, and the same two articles to support both the theory and the opinion. Compare Clerk's Papers, at 60-66, 67-70, 95-98 with Reply Brief of Petitioner, exhibit A, and Second Motion to Supplement Personal Restraint Petition, attachment. Brand's earlier PRP failed because he did not establish the admissibility of this same evidence. See *State v. Brand*, causes 19079-2-I; 23349-1-I, slip op. at 23 (Oct. 23,

1989). *See generally In re Jeffries*, 114 Wn.2d 485, 493, 789 P.2d 731 (1990) (citing *State v. Williams*, 96 Wn.2d 215, 223, 634 P.2d 868 (1981)); *State v. Martin*, 101 Wn.2d 713, 719, 684 P.2d 651 (1984) (citing *Frye v. United States*, 293 F. 1013, 1014, 34 A.L.R. 145 (D.C. Cir. 1923)). We find no improvement here with regard to evidence of admissibility. Brand simply makes no showing the testosterone theory has achieved general acceptance in the relevant scientific community. *Cf. State v. Knowles*, 598 So. 2d 430 (La. Ct. App. 1992) (recognizing the use of steroids does not conclusively establish criminal insanity). We therefore hold Brand's motion is procedurally barred because it constitutes a subsequent collateral attack on similar grounds. We decline to address the remaining procedural issues raised by the State.
    Reversed.

    DORE, C.J., and UTTER, BRACHTENBACH, ANDERSEN, DURHAM, SMITH, GUY, and JOHNSON, JJ., concur.

    Reconsideration denied February 26, 1993.