IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 32731-1-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| NATHANIEL R. SHAFER, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

SIDDOWAY, C.J. — Nathaniel Shafer appeals the trial court's denial of his CrR

7.8(b) motion to vacate his judgment and sentence based on newly discovered evidence.

He argues that the trial court failed to comply with the procedure required by CrR 7.8(c)

and also challenges the bases on which the trial court denied his motion.

Mr. Shafer demonstrates no prejudice from the trial court's procedural

mishandling of the motion and, on the merits, the trial court did not err. We affirm.

FACTS AND PROCEDURAL BACKGROUND

Nathaniel Shafer entered an *Alford*[1] plea to first degree burglary, first degree

---

[1] *North Carolina v. Alford*, 400 U.S. 25, 31, 91 S. Ct. 160, 27 L. Ed. 2d 162
(1970).

kidnapping, and two counts of first degree robbery on February 10, 2010. The judgment and sentence was entered the same day. In his *Alford* plea, Mr. Shafer admitted that the State could prove that on August 1, 2009, he entered a residence in Asotin, Washington, intentionally abducted two occupants, and unlawfully took personal property from them by use of force. The police report notes that Mr. Shafer was not alone when these events took place, but was accompanied by Joshua Hieronymus. Mr. Hieronymus pleaded guilty to the charges relating to this event at the same time Mr. Shafer did on February 10, 2010.

On August 1, 2014, over four-and-a-half years after entering his *Alford* plea, Mr. Shafer filed a CrR 7.8(b) motion to modify and correct his judgment and sentence based on new evidence. The new evidence presented was an affidavit from Mr. Hieronymus, in which he stated that "[a]t no time before, during, or after the robbery was Nathaniel Shafer, aware, involved, or in any way participate [sic] in the robbery of Trevor Morton's house." Clerk's Papers (CP) at 19. Mr. Hieronymus did not identify who, if not Mr. Shafer, was his accomplice in the crime. The affidavit included Mr. Hieronymus's explanation that "I did not previously speak on this matter at the time we were arrested and charged as co-defendants in the home invasion robbery of Trevor Mortons [sic] [h]ome, because I thought I could receive a more severe sentence or punishment by speaking on the matter." *Id.*

2

The trial court denied Mr. Shafer's motion in a memorandum decision,

summarizing its reasons as being that

> [t]he motion is untimely, it is not supported by competent evidence or
> applicable law, and it is the latest chapter in a lengthy and continuing effort
> by Defendant to collaterally attack the judgment and sentence.

CP at 31-32. It went on to elaborate that the motion was "time barred by RCW

10.73.[090] and CrR 7.8(b)" and that it "violates the prohibition in RCW 10.73.140

against serial petitions." CP at 34. The court observed the well settled proposition that

"new trials and relief from a criminal judgment should not be granted on the

uncorroborated statements of an accomplice," and pointed out that from the time both

Mr. Shafer and Mr. Hieronymus entered their guilty pleas and were sentenced in

February 2010, Mr. Shafer "should have known that the purported exculpatory testimony

of Hieronymus was available" but failed make an effort to set aside his *Alford* plea or

otherwise seek relief. CP at 33 (citing *State v. Peele*, 67 Wn.2d 724, 409 P.2d 663

(1966)).

Mr. Shafer appeals.

## ANALYSIS

Mr. Shafer makes two assignments of error: first, that the trial court erred "when it

failed to comply with CrR 7.8(c)(2) and (3)", and second, that it erred when it "failed to

set an evidentiary hearing" to determine whether he was entitled to the requested relief.

3

Br. of Appellant at 1 (capitalization omitted). We address the assigned errors in the order presented.

## I. Proper procedure under CrR 7.8

For 21 years, CrR 7.8(c) allowed the superior court to do what it did in this case: deny a CrR 7.8(b) motion without a hearing if the alleged facts did not establish grounds for relief. *State v. Smith*, 144 Wn. App. 860, 862, 184 P.3d 666 (2008) (citing former CrR 7.8(c)(2) (adopted September 1, 1986)). Following an amendment effective September 1, 2007, superior courts

> may rule on the merits of the motion only when the motion is timely filed
> and either (a) the defendant makes a substantial showing that he is entitled
> to relief or (b) the motion cannot be resolved without a factual hearing.

*Id.* at 863. Absent those circumstances, the present rule requires that a superior court transfer the motion to the court of appeals for consideration as a personal restraint petition. *Id.*; CrR 7.8(c)(2). And transfer may be required on other grounds, because CrR 7.8(b) provides that a motion for relief under the rule "is further subject to . . . [RCW 10.73].140," meaning that a CrR 7.8(b) motion that amounts to a successive petition under that statute is also not entitled to relief and must be transferred to this court. Despite the 2007 rule change, superior courts have sometimes continued to deny CrR 7.8(b) motions as untimely, successive, or on the merits, as the trial court did here.

Given the trial court's improper procedure, Mr. Shafer argues that "the proper remedy is to remand to the superior court with instructions to follow the procedural

4

requirements of CrR 7.8." Br. of Appellant at 11. But since the trial court has already determined that Mr. Shafer's motion is untimely, insufficiently supported, and successive, a revolving door procedure by which we send the case back to the trial court, so that it can send it back to us, is pointless. It makes more sense for us to resolve the appeal.

Mr. Shafer nonetheless invokes *Smith*, in which Division Two of our court declined to act on Kevin Smith's notice of appeal of a superior court's procedurally improper dismissal of a CrR 7.8(b) motion. But *Smith* presented distinguishable circumstances: the defendant in that case was not yet subject to the successive petition rule provided by RCW 10.73.140. As a first-time collateral challenger, Smith might reasonably want to withdraw his appeal, to make sure his challenge stated complete grounds for relief. 144 Wn. App. at 864 (citing *Castro v. United States*, 540 U.S. 375, 383, 124 S. Ct. 786, 157 L. Ed. 2d 778 (2003)). As detailed hereafter, the CrR 7.8(b) motion in this appeal is Mr. Shafer's fifth. The successive petition rule already applies to Mr. Shafer, so our resolution of his appeal does not present the prejudice that accounted for the decision in *Smith*.

As observed by our Supreme Court in *In re Personal Restraint of Ruiz-Sanabria*, "If the superior court retains a postconviction motion and denies it on the merits, the defendant has a right to direct appeal." 184 Wn.2d 632, 638, 362 P.3d 758 (2015) (citing

5

RAP 2.2(a)(10)). The matter is properly before us on Mr. Shafer's notice of appeal. We will not remand it.

## *II. The trial court correctly determined that Mr. Shafer's motion was untimely, insufficient, and successive*

Mr. Shafer's second assignment of error is to the trial court's determinations that his motion was untimely, insufficiently supported, and successive; and its resulting failure to hold a show cause hearing on the merits. If the trial court was correct in its determinations, Mr. Shafer was not entitled to a hearing.

Mr. Shafer did not appeal from the judgment and sentence entered on his *Alford* plea, which therefore became final when it was filed with the clerk of superior court on February 10, 2010. *See* RCW 10.73.090(3)(a). Almost a year to the day after Mr. Shafer was sentenced, he timely filed two CrR 7.8(b) motions with the trial court seeking relief from his sentence. In the first, Mr. Shafer sought to withdraw his plea. The second was a motion to modify or correct judgment and sentence. The trial court denied both motions, and Mr. Shafer appealed. In August 2012, this court affirmed the trial court's denial of the first two motions. Mr. Shafer petitioned the Washington Supreme Court for review, which was denied. The mandate was issued on February 20, 2013.

On September 15, 2011, while the review of the first two motions was still pending, Mr. Shafer filed his third CrR 7.8(b) motion with the trial court, seeking relief from judgment. The trial court denied this third motion and Mr. Shafer did not appeal.

6

On March 12, 2013, Mr. Shafer filed his fourth challenge to his judgment and sentence, challenging a *Brooks* notation included as to the term of community custody.[2] The trial court denied the motion on its merits, and Mr. Shafer filed a notice of appeal. Before this court could hear the appeal, the trial court amended the judgment and sentence by striking the *Brooks* notation based on the consent of the parties and this court. The mandate, noting this court's granting of a "motion for Voluntary Withdrawal of the Appeal," was issued on September 29, 2014. CP at 37.

### A. Mr. Shafer's fifth motion was untimely under CrR 7.8(b) and RCW 10.73.090

*CrR 7.8(b)*

Mr. Shafer filed this fifth CrR 7.8(b) motion on August 1, 2014—more than one year from when the judgment and sentence became final in 2010. Under the rule, a motion for relief from judgment based on newly discovered evidence must be made "not more than 1 year after the judgment, order or proceeding was entered or taken." *Id.*

Mr. Shafer nonetheless argues that because the Asotin County Superior Court filed the agreed Amended Judgment and Sentence on August 21, 2014, finality should be

---

[2] Under former RCW 9.94A.715 (2006), it was possible for sentencing courts to make what came to be called a *Brooks* notation in a judgment and sentence, indicating that the combined terms of confinement and community custody, while variable, "shall not exceed the statutory maximum." *In re Pers. Restraint of Brooks*, 166 Wn.2d 664, 675, 211 P.3d 1023 (2009). The legislature repealed the statute in 2008 in favor of fixed terms of community custody, thereby eliminating the *Brooks* notation option. LAWS OF 2008, ch. 231, § 57; LAWS OF 2009, ch. 28, § 42.

determined on the basis of the mandate issued thereafter, on September 29, 2014—

meaning that his motion was filed even before that judgment became final. Br. of

Appellant at 9.

There are several problems with Mr. Shafer's argument, the most obvious being

that his motion filed on August 1, 2014, necessarily challenged the judgment and

sentence entered on February 10, 2010, since it could not challenge a judgment and

sentence that had not yet been entered.

Second, RCW 10.73.090—which also governs procedure in collateral attacks on

judgments and sentences in criminal cases including motions to vacate a judgment or to

withdraw a guilty plea, and also provides (as applicable here) that the motion must be

filed within one year of the judgment becoming final—provides in relevant part that

> [f]or the purposes of this section, a judgment becomes final on the last of
> the following dates:
> (a) The date it is filed with the clerk of the trial court;
> (b) The date that an appellate court issues its mandate disposing of a
> *timely direct appeal from the conviction.*

RCW 10.73.090(3) (emphasis added). The amended judgment entered in September

2014 was causally connected to a direct appeal from denial of Mr. Shafer's fourth CrR

7.8 motion, not "from the conviction." Moreover, the mandate did not dispose of that

appeal; rather, it reflected the fact that the appeal had been withdrawn.

Finally, "[c]orrecting an erroneous sentence in excess of statutory authority does

not affect the finality of that portion of the judgment and sentence that was correct and

8

valid when imposed." *In re Pers. Restraint of Goodwin*, 146 Wn.2d 861, 877, 50 P.3d

618 (2002) (citing *In re Pers. Restraint of Carle*, 93 Wn.2d 31, 34, 604 P.2d 1293

(1980)). Striking the *Brooks* notation did not affect the remainder of the 2010 judgment

and sentence.

For all of these reasons, Mr. Shafer's motion was not timely under CrR 7.8(b).

*RCW 10.73.100*

While CrR 7.8(b) imposes a strict one year time limitation by its own terms, it also

provides that a motion under the rule "is further subject to RCW 10.73.090, .100, .130,

and .140." As Mr. Shafer argues, RCW 10.73.100 provides that the one year time limit

imposed by RCW 10.73.090 does not apply to a petition or motion that is based solely on

six exceptions identified by the statute, one being, "[n]ewly discovered evidence, if the

defendant acted with reasonable diligence in discovering the evidence and filing the

petition or motion." RCW 10.73.100(1).

An offender who waits four-and-a-half years to seek relief obviously has the

burden of presenting evidence of his diligence. The only explanation Mr. Shafer offers

for the delay is that "Mr. Hieronymus held the keys to the information," that Mr.

Hieronymus "did not previously speak on the matter because he feared he might receive a

more severe punishment by speaking out on Mr. Shafer's innocence," and that both

men's imprisonment and "DOC policy . . . precluded [them] from communicating with

one another." Br. of Appellant at 10.

9

The first two explanations are easily dismissed for the reasons noted by the trial court: if Mr. Shafer was not an accomplice to the crime, he knew that from the time he was accused; and after both men entered their pleas on February 10, 2010, Mr. Hieronymus could have no further fear about receiving a more severe punishment. No evidence in the record supports Mr. Shafer's argument that "DOC policies" prevented him from communicating with Mr. Hieronymus, but more importantly, the record documents Mr. Shafer's ongoing representation by counsel who *could* have made contact for purposes of obtaining a statement. As the State points out, the rules of professional conduct and the Fifth Amendment to the United States Constitution would have prevented Mr. Shafer from having his lawyer speak directly to the separately represented Mr. Hieronymus while the men's cases were pending, but one of Mr. Shafer's lawyers could have requested a statement from Mr. Hieronymus at any time after February 10, 2010. Br. of Resp't at 13.[3]

Because Mr. Shafer failed to demonstrate that he acted with reasonable diligence in discovering the evidence and filing the petition or motion, the trial court did not err in determining the motion was time barred under RCW 10.73.100 and refusing to set a hearing.

---

[3] Mr. Shafer was represented by counsel for all but 14 months between August 1, 2009, and August 19, 2014. *See* Br. of Resp't at 13-14 n.4.

10

### B. Mr. Shafer's evidence was merely impeaching and did not change the factual basis for the plea

While the untimeliness of Mr. Shafer's motion is a sufficient basis for dismissing it, the shortcoming of Mr. Hieronymus's affidavit under *State v. Williams*, 96 Wn.2d 215, 223, 634 P.2d 868 (1981) and CrR 4.2(f) provided a further basis for dismissal.

At the time Mr. Shafer entered his *Alford* plea, the prosecutor pointed out that in light of the nature of the plea, he was offering the police reports, "to provide the court a factual basis of what the [State] would have proven had the matter proceeded to trial." Report of Proceedings at 10. The record also reflects the State's offer of the probable cause affidavit as a further factual basis, and that the court reviewed the record for the factual basis.

The police report stated that a victim of the robbery identified Mr. Hieronymus as one of two men involved in the crime, that Mr. Hieronymus and Mr. Shafer were found at Mr. Hieronymus's residence shortly following the crime and were taken into custody, that property stolen in the crime was soon located in an outbuilding at Mr. Hieronymus's residence, and that Mr. Hieronymus's girlfriend told officers that Mr. Hieronymus and Mr. Shafer admitted that they had committed a robbery that night. CP at 9-12.

A trial court will not grant a new trial on the basis of newly discovered evidence unless the moving party demonstrates that the evidence "(1) will probably change the result of the trial; (2) was discovered since the trial; (3) could not have been discovered

11

before trial by the exercise of due diligence; (4) is material; and (5) is not merely cumulative or impeaching." *Williams*, 96 Wn.2d at 223. The absence of any one of these factors is grounds to deny a new trial. *Id.* Moreover, in the context of an *Alford* plea, the "manifest injustice" required to withdraw the plea under CrR 4.2(f) exists only if the newly discovered evidence, when viewed in balance with the record, changes the factual basis for the plea. *State v. Ice*, 138 Wn. App. 745, 748, 158 P.3d 1228 (2007) (citing *State v. Dixon*, 38 Wn. App. 74, 77, 683 P.3d 1144 (1984)).

The trial court could determine without a hearing that Mr. Hieronymus's affidavit did not meet these burdens. The independent evidence reflected in the police reports supports Mr. Shafer's guilt. Mr. Hieronymus's affidavit would merely impeach other evidence and did not change the factual basis for Mr. Shafer's plea.

### C. Mr. Shafer's motion was successive under RCW 10.73.140

The successive character of the motion provided yet a further basis for dismissal. Mr. Shafer challenges the trial court's determination that his petition was successive under RCW 10.73.140. As earlier noted, CrR 7.8(b) provides that motions under the rule are subject to RCW 10.73.140 and certain other provisions of chapter 10.73 RCW.

RCW 10.73.140 states in relevant part:

> If a person has previously filed a petition for personal restraint, the court of appeals will not consider the petition unless the person . . . shows good cause why the petitioner did not raise the new grounds in the previous petition. . . . If upon review, the court of appeals finds that the petitioner . . . has failed to show good cause why the ground was not raised earlier,

12

> the court of appeals shall dismiss the petition on its own motion without requiring the state to respond to the petition.

By its plain language, RCW 10.73.140 applies only to personal restraint petitions in the court of appeals, but our Supreme Court has held that it also applies to collateral attacks at the trial court level. *State v. Brand*, 120 Wn.2d 365, 369-70, 842 P.2d 470 (1992). Citing CrR 7.8(b)'s explicit reference to the statute, the Court "conclude[d] the drafters of CrR 7.8(b) intended RCW 10.73.140 to apply by analogy. To hold otherwise would thwart the legislative purpose by allowing repetitious collateral attacks in the trial courts in contravention of the policy limiting collateral review." *Id.* at 370.

The "cause" that Mr. Shafer offers for not raising the grounds in an earlier motion are the same excuses he offers in arguing that he was sufficiently diligent under RCW 10.73.100: Mr. Hieronymus's concern that he would receive more severe punishment if he testified to Mr. Shafer's innocence, and the men's alleged inability to communicate while in prison.

These reasons fail as "good cause" under RCW 10.73.140 for the same reasons they fail to qualify as "reasonable diligence" under RCW 10.73.100(1). Because Mr. Shafer failed to demonstrate good cause why he did not raise Mr. Hieronymus's recantation in his previous motions, the trial court did not err in determining that the motion was successive under RCW 10.73.140 and refusing to set a hearing for that further reason.

13

No. 32731-1-III
*State v. Shafer*

Affirmed.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to RCW

2.06.040.

Siddoway, C.J.

WE CONCUR:

Korsmo, J.

Lawrence-Berrey, J.

14