[No. 40186-0-II.   Division Two.   November 15, 2011.]

THE STATE OF WASHINGTON, *Respondent*, v. FRANK ALEXANDER WALLMULLER, *Appellant*.

*Patricia A. Pethick*, for appellant.

*Michael K. Dorcy, Prosecuting Attorney*, and *Timothy W. Whitehead* and *Timothy J. Higgs, Deputies*, for respondent.

¶1 PENOYAR, C.J. — A jury convicted Frank Wallmuller of five counts of first degree child rape (counts I, II, III, IV, and V) and four counts of sexual exploitation of a minor (counts VI, VII, VIII, and XII). He appeals three convictions of first degree child rape (counts III, IV, and V) and two convictions of sexual exploitation of a minor (counts VI and VIII), arguing that the trial court violated his right to be free from double jeopardy by failing to instruct the jury that it had to

find that a separate and distinct act supported each of these counts. Additionally, he appeals his conviction of count XII, arguing that the State violated his rights under the Sixth Amendment and article I, section 22 of the state constitution by failing to inform him of the "nature and cause of the accusation" against him. Finally, in his statement of additional grounds (SAG),[1] he appeals all his convictions, arguing that the trial court lacked subject matter jurisdiction. We affirm.

## FACTS

¶2 On January 29, 2008, police officers executed a search warrant at Wallmuller's residence. Inside, they discovered a cell phone containing a video of a girl lifting her sweater and revealing her breasts, with a date stamp of December 29, 2006 (video 3); a video of a girl performing oral sex on an adult male, with a date stamp of June 18, 2006 (video 8); a video of the same girl from video 8 performing oral sex on an adult male, with a date stamp of June 16, 2006 (video 9); and a video of a girl exposing her genital area, with a date stamp of June 16, 2006 (video 10).

¶3 Police ultimately identified SS (born 1992) as the girl in video 3 and TKO (born 1995) as the girl in videos 8, 9, and 10. After further investigation, the State charged Wallmuller, by first amended information, with five counts of first degree rape[2] of TKO (counts I, II, III, IV, and V), three counts of sexual exploitation of a minor[3] involving TKO (counts VI, VII, VIII), and one count of sexual exploitation of a minor involving SS (count XII).[4] Count XII alleged that

---

[1] RAP 10.10.

[2] RCW 9A.44.073.

[3] RCW 9.68A.040.

[4] The State also charged Wallmuller with three additional counts (counts IX, X, and XI) related to a different victim and one additional count (count XIII) related to SS. The trial court dismissed counts X and XI for insufficient evidence, and the jury acquitted Wallmuller of counts IX and XIII.

the crime involving SS occurred "on or about the period between the 1st day of February, 2007, and the 15th day of March, 2007." Clerk's Papers (CP) at 200.

¶4 At trial, TKO identified herself as the girl in videos 8, 9, and 10, and she identified Wallmuller as the man. SS identified herself as the girl lifting her sweater in video 3. Wallmuller testified that he filmed videos 8, 9, and 10, but he denied filming SS lifting up her sweater. He confirmed that videos 8 and 9 showed TKO performing oral sex on him and that video 10 showed TKO's exposed genital area. Wallmuller explained that he did not make these videos for the purposes of sexual gratification but because TKO "told [him] to." Report of Proceedings (RP) at 1408.

¶5 TKO testified that on another occasion, Wallmuller drove her to a location near Southside School in Mason County. Near the school, he stopped the car, "zip-tied" her hands as she sat in the front passenger seat, and forced her to perform oral sex. He also inserted his finger into her vagina. Afterwards, he drove her to the Shelton Athletic Center, parked, and again forced her to perform oral sex. At trial, Wallmuller denied that these acts occurred.

¶6 Before resting, the State moved to amend the first amended information with regard to count XII. First, because SS had testified to a "completed offense," the State moved to amend the count from a crime of attempt to a completed offense. RP at 1282. Wallmuller did not object; he stated that he thought count XII had always charged a completed crime. Second, because trial testimony indicated that video 3 had been created on December 29, 2006, the State moved to substitute December 15, 2006 for February 1, 2007 as the earliest possible date of the crime's commission. Wallmuller objected, arguing that "probable cause" did not support the amendment and that the State should be required to "narrow . . . down" the date range for the crime. RP at 1283-84. In an oral ruling, the trial court granted the State's motion, ruling that the evidence supported both amendments and that the amendments did not prejudice

Wallmuller.[5] The State did not file a written copy of the second amended information.

¶7 Over Wallmuller's exception, the trial court gave the following pattern instruction: "A separate crime is charged in each count. You must decide each count separately. Your verdict on one count should not control your verdict on any other count."[6] CP at 68; 11 WASHINGTON PRACTICE: WASHINGTON PATTERN JURY INSTRUCTIONS: CRIMINAL 3.01, at 80 (3d ed. 2008) (WPIC). At both parties' request, the trial court also gave a unanimity instruction for counts III, IV, and V.[7] The trial court denied Wallmuller's request for a unanimity instruction for counts VI, VII, and VIII.

¶8 The trial court gave the jury three separate to-convict instructions on counts III, IV, and V (first degree child rape). With the exception of the count number, these instructions were identical and read in relevant part:

> To convict the defendant of the crime of rape of a child in the first degree as charged in Count [III, IV, or V], each of the following elements of the crime must be proved beyond a reasonable doubt:
>
> (1) That on or about the period between the 1st day of January, 2006, and the 31st day of December, 2006, the defendant had sexual intercourse with [TKO].

CP at 76-78.

---

[5] Wallmuller openly acknowledged that the amendment to the date range did not prejudice him; he informed the trial court that he had learned during a pretrial interview that video 3 had been created "during the Christmas season." RP at 1285.

[6] In his exception, Wallmuller asked the court to substitute "influence" for "control" in order to prevent the latter term from misleading the jury. RP at 1337-38.

[7] The unanimity instruction for these counts read:

> There are allegations that the defendant committed the acts of rape of a child in the first degree with respect to [TKO] on multiple occasions. To convict the defendant, one or more particular acts must be proved beyond a reasonable doubt and you must unanimously agree as to which act or acts have been proved beyond a reasonable doubt. You need not unanimously agree that all the acts have been proved beyond a reasonable doubt.

CP at 73; *see also* WPIC 4.25, at 110.

¶9 The trial court gave the jury two separate to-convict instructions on counts VI and VIII (sexual exploitation of a minor). With the exception of the count number, these instructions were identical and read in relevant part:

To convict the defendant of the crime of sexual exploitation of a minor as charged in Count [VI or VIII], each of the following three elements must be proved beyond a reasonable doubt:

(1) That on or about the 16th day of June, 2006, the defendant compelled, aided, invited, employed, authorized, or caused a minor, [TKO], to engage in sexually explicit conduct.

CP at 84, 86. The to-convict instruction for count VII was not identical because it included the date of June 18, 2006.

¶10 In closing argument, the State told the jury that the acts of oral sex in video 9 (from June 16, 2006) and video 8 (from June 18, 2006) constituted counts I and II, respectively. The State told the jury that the acts of oral sex and digital penetration near Southside School corresponded to counts III and IV and that the act of oral sex near Shelton Athletic Center corresponded to count V. The State then explained to the jury, "The acts are separate and distinct. There are five separate and distinct acts that the State has alleged that the defendant committed." RP at 1560.

¶11 With regard to the three sexual exploitation of a minor counts involving TKO (counts VI, VII, and VIII), the State told the jury that the creation of video 9 constituted count VI, the creation of video 8 constituted count VII, and the creation of video 10 constituted count VIII. The State emphasized that each count involved a different act.

¶12 The jury convicted Wallmuller on counts I-VIII and XII. He appeals.

ANALYSIS

DOUBLE JEOPARDY

¶13 Wallmuller argues that the trial court violated the double jeopardy clauses of the state and federal constitutions by failing to instruct the jury that it had to find a separate and distinct act for each of the three challenged counts of first degree child rape (counts III, IV, and V) and each of the two challenged counts of sexual exploitation of a minor (counts VI and VIII). We disagree.

██ ¶14 The double jeopardy clauses of the state and federal constitutions protect individuals from being "punished multiple times for the same offense." *State v. Linton*, 156 Wn.2d 777, 783, 132 P.2d 127 (2006); *see* U.S. CONST. amend. V; WASH. CONST. art. I, § 9. We review double jeopardy claims de novo. *State v. Mutch*, 171 Wn.2d 646, 661-62, 254 P.3d 803 (2011).

██ ¶15 While Wallmuller's appeal was pending, our Supreme Court issued *Mutch*, a case that directly impacts his double jeopardy claim. We ordered the parties to provide supplemental briefing on *Mutch*'s application to the facts of this case. In *Mutch*, a jury convicted the defendant, in relevant part, of five counts of second degree rape. 171 Wn.2d at 652. The victim testified that the defendant forced her to engage in five distinct episodes of assault that each included oral sex and vaginal intercourse over the course of a night and the next morning. *Mutch*, 171 Wn.2d at 651. Like the trial court in the present case, the trial court in *Mutch* gave separate but "nearly identical" to-convict instructions[8] for the five rape counts and a "separate crime is charged in each count" instruction. 171 Wn.2d at 662. Also, like the trial court in the present case, the trial court in

---

[8] Specifically, each to-convict instruction stated that the alleged rape occurred between "the 2nd day of February, 1994 and the 3rd day of February, 1994." *Mutch*, 171 Wn.2d at 662.

*Mutch* did not give a "separate and distinct" act instruction. 171 Wn.2d at 663.

¶16 Relying on two previous decisions by the court of appeals, the *Mutch* court held that these instructions were "flawed" because they did not include a "separate and distinct" act instruction. 171 Wn.2d at 663 (citing *State v. Carter*, 156 Wn. App. 561, 234 P.3d 275 (2010); *State v. Berg*, 147 Wn. App. 923, 198 P.3d 529 (2008)). But the *Mutch* court stated that this flaw did not necessarily constitute a double jeopardy violation:

> [F]lawed jury instructions that permit a jury to convict a defendant of multiple counts based on a single act do not necessarily mean that the defendant received multiple punishments for the same offense; it simply means that the defendant *potentially* received multiple punishments for the same offense. . . . While the Court of Appeals in both *Berg* and *Carter* recognized that the faulty jury instructions created only the possibility of a double jeopardy violation, it did not look beyond the jury instructions or engage in further inquiry. We disapprove of such limited review.

171 Wn.2d at 663-64 (citations omitted).[9]

¶17 The *Mutch* court explained that we should look at "the entire trial record" when reviewing this type of double jeopardy claim. 171 Wn.2d at 664. A double jeopardy violation occurs if it was not " '*manifestly apparent* to the jury' " from the evidence, arguments, and instructions that " 'the State [was] not seeking to impose multiple punishments for the same offense' and that each count was based on a separate act."[10] *Mutch*, 171 Wn.2d at 664 (alteration in original) (quoting *Berg*, 147 Wn. App. at 931).

---

[9] In its discussion, the *Mutch* court held that the "separate crime is charged in each count" instruction did not "sav[e]" a potential double jeopardy violation. 171 Wn.2d at 663.

[10] The *Mutch* court stated that the case before it did not "provide an occasion for us to determine the exact review process for double jeopardy claims arising out of jury instructions." 171 Wn.2d at 665. Accordingly, the *Mutch* court did not explicitly decide whether the trial court's instructions were (1) not erroneous in

¶18 Applying these standards, the *Mutch* court observed that the case before it "present[ed] a rare circumstance where, despite deficient jury instructions, it is nevertheless manifestly apparent that the jury found [Mutch] guilty of five separate acts of rape to support five separate convictions." 171 Wn.2d at 665. The court based its conclusion on the following circumstances: (1) the information charged the defendant with five counts "based on allegations that constituted five separate units of prosecution"; (2) the victim testified to five separate episodes of rape, which was the exact number of "to convict" instructions given to the jury; (3) the defense's cross-examination of the victim focused on the issue of consent, not on the number of alleged sexual acts that occurred; (4) a detective testified that the defendant had admitted to engaging in "multiple sexual acts" with the victim; (5) the State discussed all five episodes of rape in its arguments; and (6) the defense argued that the victim consented and that she was not credible to the extent that she denied consenting, rather than arguing that the State presented insufficient evidence as to the number of alleged sexual acts or questioning the victim's credibility regarding the number of rapes. *Mutch*, 171 Wn.2d at 665. Accordingly, the *Mutch* court concluded, "In light of all this, we find that it was manifestly apparent to the jury that each count represented a separate act; if the jury believed [the victim] regarding one count, it would as to all." 171 Wn.2d at 665-66.

¶19 Applying the principles in *Mutch* to the present case, we conclude that the trial court did not violate Wallmuller's double jeopardy rights with regard to the three challenged rape counts (counts III, IV, and V) or the two challenged sexual exploitation of a minor counts (counts VI and VIII).[11] With regard to the rape counts, TKO testified to two acts of

light of the entire record or (2) erroneous but harmless under the constitutional harmless error standard. 171 Wn.2d at 664-65.

[11] Although the *Mutch* court referred to the circumstances there as "rare," that apparently was not a dispositive factor in that case. 171 Wn.2d at 665. Thus, we do not ascertain whether the circumstances in this case are also "rare."

intercourse near the Southside School and one act of intercourse near the Shelton Athletic Center. In closing, the State informed the jury that the acts of oral sex and digital penetration near Southside School and the act of oral sex near Shelton Athletic Center were the three acts of intercourse that corresponded to counts III, IV, and V. The State explicitly told the jury that each count of rape was based on a "separate and distinct" act. RP at 1560. With regard to the exploitation counts, TKO and Wallmuller identified themselves as the individuals in videos 9 and 10. The State informed the jury in closing argument that counts VI and VIII involved separate acts. Accordingly, in our view, it was manifestly apparent to the jury that each count represented a separate act and that it could not convict Wallmuller on a specific count of rape or exploitation without unanimously agreeing that he had committed the act that the State identified in closing argument as that count's underlying act. We therefore reject his double jeopardy challenge.

¶20 A majority of the panel having determined that only the foregoing portion of this opinion will be printed in the Washington Appellate Reports and that the remainder shall be filed for public record pursuant to RCW 2.06.040, it is so ordered.

HUNT and QUINN-BRINTNALL, JJ., concur.

Reconsideration denied February 29, 2012.