**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

**DIVISION II**

| | |
|---|---|
| STATE OF WASHINGTON, | No. 46460-8-II |
| Respondent, | |
| v. | |
| FRANK A. WALLMULLER, | UNPUBLISHED OPINION |
| Appellant. | |

MAXA, J. – Frank Wallmuller appeals his convictions of first degree child rape and sexual exploitation of a minor. We hold that the State did not adequately prove Wallmuller's criminal history and that community custody conditions prohibiting patronage of businesses selling liquor; purchasing, possessing or viewing pornographic materials; and using the internet were improper.[1] Therefore we remand for resentencing and to strike the improper community custody conditions.

FACTS

Wallmuller pleaded guilty on June 3, 2014, to charges of first degree child rape and sexual exploitation of a minor. In 2009, a jury had convicted Wallmuller of nine other sex offenses. *State v. Wallmuller*, 164 Wn. App. 890, 891, 265 P.3d 940 (2011). Following those convictions, the Department of Corrections prepared a pre-sentence investigative report (PSI). After entering his guilty pleas for the current offenses, Wallmuller asked the trial court to waive the PSI requirement and rely on the 2009 PSI.

---

[1] Because of our holding, we do not address Wallmuller's alternative claim that he was denied his right to effective assistance of counsel at sentencing.

At sentencing, the trial court stated that it had read only the criminal history and risks/needs assessment sections of the 2009 PSI. The prosecutor then explained that Wallmuller had an offender score of greater than 9 because each of the nine prior sex offenses counted as three points, Wallmuller had another sex offense from Kitsap County that counted as three points, and there was an additional three points for Wallmuller's other current offense, leaving an offender score of 33. Wallmuller did not contest his criminal history. However, he also did not affirmatively acknowledge his criminal history.

As part of Wallmuller's sentence, the trial court imposed the following community custody conditions:

> (12) The defendant shall not go into bars, taverns, lounges, or other places whose primary business is the sale of liquor;
> (13) The defendant shall not use or access the internet (including via cellular devices) or any other computer modem without the presence of a responsible adult who is aware of the conviction, and the activity has been approved by the Community Corrections Officer (CCO) and the sexual offender's treatment therapist in advance.
> . . . .
> (26) The defendant shall not purchase, possess, or view any pornographic materials.

Clerk's Papers at 18-19.

Wallmuller appeals his sentence.

ANALYSIS

A.    PROOF OF CRIMINAL HISTORY

Wallmuller claims that the trial court erred in calculating his offender score and applicable sentencing range because the State presented no proof of his criminal history. We agree.

The State has the burden to prove prior convictions at sentencing by a preponderance of the evidence. *State v. Hunley*, 175 Wn.2d 901, 909-10, 287 P.3d 584 (2012). The best evidence

of a prior conviction is a certified copy of the judgment. *Id.* at 910. The State also may rely on other evidence to establish criminal history. *Id.* However, the prosecutor's bare assertion of prior convictions or unsupported summary of criminal history is not sufficient. *Id.* at 915.

A defendant can relieve the State of its burden of proof if he or she affirmatively acknowledges the facts and information the State introduces at sentencing. *Id.* at 912-13. But the defendant's mere failure to object to State assertions of criminal history does not constitute an acknowledgment. *Id.* at 912.

Here, the sentencing court relied on the 2009 PSI and the prosecutor's oral recitation in determining Wallmuller's criminal history and corresponding offender score. The State did not provide any evidence documenting Wallmuller's criminal history. This was insufficient to satisfy the State's burden.

The State asserts that the trial court could take judicial notice that it had recently sentenced Wallmuller to nine sex offenses. We disagree. First, this was not the same trial court judge that presided over Wallmuller's 2009 trial and sentencing. Second, the trial court did not in fact take judicial notice of these prior convictions under ER 201(b). And third, the State presents no authority that a trial court can take judicial notice of a defendant's prior convictions simply because they occurred in the same court.

We hold that the trial court erred in calculating Wallmuller's offender score and applicable sentencing range. On remand, the State may produce additional evidence of Wallmuller's criminal history at the resentencing hearing. *State v. Cobos*, 182 Wn.2d 12, 15-16, 338 P.3d 283 (2014).

B.      COMMUNITY CUSTODY CONDITIONS

Wallmuller argues that three of his community custody conditions are improper because they are not crime-related prohibitions. The State concedes that the conditions prohibiting patronage of businesses where liquor is sold and purchasing, possessing or viewing pornographic materials are improper, and we accept this concession. We also hold that the condition restricting use of the internet is improper.

In general, the Sentencing Reform Act of 1981 (SRA), chapter 9.94A RCW, authorizes imposition of prohibitions and affirmative conditions as part of any sentence if they are related to the crimes for which the defendant has been convicted. RCW 9.94A.505(8). We review a sentencing court's imposition of community custody conditions for an abuse of discretion. *State v. Johnson*, 184 Wn. App. 777, 779, 340 P.3d 230 (2014). A sentencing court abuses its discretion if its decision is manifestly unreasonable or based on untenable grounds, and imposition of a condition without authorization is manifestly unreasonable. *Id*.

We agree that there was no evidence in the record that Wallmuller's patronage of businesses where liquor is sold contributed to his offense, and therefore condition 12 must be stricken. *See State v. Jones*, 118 Wn. App. 199, 207-08, 76 P.3d 258 (2003). We also agree that the prohibition against purchasing, possessing or viewing pornography is unconstitutionally vague, and therefore condition 26 must be stricken. *See State v. Bahl*, 164 Wn.2d 739, 758, 193 P.3d 678 (2008).

We disagree with the State that the internet access restriction is crime-related. Wallmuller stipulated to the facts set out in the declaration of probable cause. That declaration states that Wallmuller took photographs during both of his charged offenses. It also states that Wallmuller's cell phone contained sexually explicit photographs of the victim of his nine

4

previous convictions. Nothing shows that Wallmuller used the internet to dispense or download these photographs.

The State argues that the declaration of probable cause states that Wallmuller had access to streaming videos, and that this evidence is a sufficient nexus to support the community custody condition. But the declaration actually states that the streaming videos depict the victim of the current offenses. Again, there is no evidence that Wallmuller used the internet to obtain the streaming videos.

We hold that there is no evidence showing that a prohibition of using the internet is crime related. Therefore, condition 13 must be stricken.

We remand for resentencing and to strike the improper community custody conditions.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
MAXA, J.

We concur:

_____
BJORGEN, A.C.J.

_____
MELNICK, J.