# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| STATE OF WASHINGTON, | No.  50871-1-II |
| Respondent, | |
| v. | |
| FRANK A. WALMULLER, | UNPUBLISHED OPINION |
| Appellant. | |

WORSWICK, J. — Frank A. Wallmuller appeals from the trial court's denial of his CrR 7.8 post-judgment motion to vacate his convictions of five counts of first degree child rape and four counts of sexual exploitation of a minor, asserting that the trial court erred by failing to either transfer his motion to this Court for consideration as a personal restraint petition or enter a show cause order.  We agree and remand to the trial court to adhere to the procedure set forth under CrR 7.8.

Wallmuller also requests this Court to review under RAP 2.4(b) a trial court order on remand reducing the discretionary legal financial obligations (LFOs) imposed following his convictions, which order was entered after he filed his notice of appeal from the denial of his CrR 7.8 motion.  Because RAP 2.4(b) does not apply to the LFO order at issue and because Wallmuller did not appeal from that order, the issue is not properly before us in this appeal and we do not review its merits.

No. 50871-1-II

# FACTS

Wallmuller was convicted in 2009 on five counts of first degree child rape and four counts of sexual exploitation of a minor. We affirmed Wallmuller's convictions in a partially published opinion, and we issued our mandate disposing of Wallmuller's direct appeal on May 9, 2012. *State v. Wallmuller*, 164 Wn. App. 890, 265 P.3d 940 (2011). In the unpublished portion of our opinion addressing Wallmuller's direct appeal, we rejected his claim that the trial court lacked subject matter jurisdiction over his case under the Washington Constitution article II, sections 18 and 19.[1] *Wallmuller*, 164 Wn. App. 890 (unpublished portion).

On June 1, 2015, Wallmuller filed a motion to remit the legal financial obligations (LFOs) imposed as part of the sentence for his 2009 convictions, which the trial court denied as untimely. *State v. Wallmuller*, noted at 198 Wn. App. 1007 (unpublished). We reversed the trial court's order denying Wallmuller's motion as untimely and remanded to the trial court to consider Wallmuller's motion, holding that RCW 10.01.160(4) permits an offender to move to remit LFOs at any time. *Wallmuller*, noted at 198 Wn. App. 1007.

On March 13, 2017, Wallmuller filed a CrR 7.8(b) motion to vacate his 2009 convictions, asserting as he did in his direct appeal that the criminal statutes under which he was convicted violate article II, section 18 of our State Constitution for failing to contain an enacting clause in the printed volume of the Revised Code of Washington. Following an April 10, 2017 hearing on Wallmuller's CrR 7.8(b) motion, the trial court issued a memorandum opinion that stated:

---

[1] Article II, section 18 states, "The style of the laws of the state shall be: 'Be it enacted by the Legislature of the State of Washington.' And no laws shall be enacted except by bill."

Article II, section 19 states, "No bill shall embrace more than one subject, and that shall be expressed in the title."

> This matter has come before the Court on the Defendant's motion to vacate the Judgment and Sentence entered in this matter on December 29, 2009. The Defendant was convicted of violating RCW 9A.44.073 and RCW 9.68A.040. In his motion, the Defendant argues that the underlying Statutes are void because the Court did not have subject matter jurisdiction over his case as a result of the enacting clauses not appearing in the printed volumes of the Revised Code of Washington.
>
> In the normal course, this matter would be considered a motion under CrR 7.8(b) and, upon the proper advisement of future collateral consequences, be transferred to the Court of Appeals under CrR 7.8(c)(2) as it would be barred as a collateral attack under RCW 10.73.090. However, at the time of the initial hearing on this matter, the State brought to the Court's attention that the argument set forth in the Defendant's motion had previously been presented to the Court of Appeals in the Defendant's initial appeal of the underlying Judgment and Sentence. Upon review, the Court found that a portion of the unpublished Court of Appeals Opinion filed in this matter on November 15, 2011, did address this issue. The Appellant court rejected the Defendant's argument, and affirmed the Judgment and Sentence.
>
> Since this issue has already been decided by the Court of Appeals, this Court denies Defendant's motion.

Clerk's Papers (CP) at 21. On May 22, 2017, Wallmuller filed a timely notice of appeal from the order denying his CrR 7.8 motion.

On August 1, 2017, the trial court issued an order granting in part and denying in part Wallmuller's motion to remit his LFOs. Wallmuller did not file a notice of appeal or motion for discretionary review of the LFO order.

## ANALYSIS

### I. CrR 7.8 MOTION

Wallmuller first contends that the trial court erred by denying his CrR 7.8 motion when it was required by the rule to either (1) transfer his motion to this Court to be considered as a personal restraint petition or (2) enter a show cause order. We agree and remand to the trial court to adhere to the procedure set forth under CrR 7.8.

3

CrR 7.8 sets forth the criteria for seeking relief from judgment and the procedures that a trial court must follow in addressing such motions. Under CrR 7.8(c)(2), the trial court "*shall* transfer a motion filed by a defendant to the Court of Appeals for consideration as a personal restraint petition *unless* the court determines that the motion is not barred by RCW 10.73.090 *and* either (i) the defendant has made a substantial showing that he or she is entitled to relief or (ii) resolution of the motion will require a factual hearing." (Emphasis added.) And under CrR 7.8(c)(3), "If the court does not transfer the motion to the Court of Appeals, it *shall* enter an order fixing a time and place for hearing and directing the adverse party to appear and show cause why the relief asked for should not be granted." (Emphasis added.)

Restated, CrR 7.8 requires the trial court to transfer the motion to the Court of Appeals *unless* it first determines that (1) the motion is timely (i.e., not barred by RCW 10.73.090) *and* (2) the motion is either meritorious or raises factual questions requiring a hearing. A trial court may retain a CrR 7.8 motion only where it makes these enumerated threshold determinations. *State v. Smith*, 144 Wn. App. 860, 863, 184 P.3d 666 (2008). If the trial court retains a CrR 7.8 motion, it must then order a show cause hearing. CrR 7.8(c)(3). Where a trial court fails to follow these mandatory procedures, it abuses its discretion. *See Smith*, 144 Wn. App. at 864 (trial court acted without authority when it failed to follow CrR 7.8 procedures); *see also State v. George*, 160 Wn.2d 727, 735, 158 P.3d 1169 (2007) (Courts "interpret[] court rules as though they were drafted by the legislature."); *In re Marriage of Watson*, 132 Wn. App. 222, 230, 130 P.3d 915 (2006) (trial court abuses its discretion when it fails to follow statutory procedures).

Here, the trial court dismissed Wallmuller's CrR 7.8 motion without first determining whether the motion was time barred under RCW 10.73.090. Wallmuller's judgment and

sentence became final on May 9, 2012, the date we issued our mandate disposing of his direct appeal. RCW 10.73.090(3)(b). And Wallmuller filed his CrR 7.8 motion to vacate judgment on March 13, 2017, more than one year later. Accordingly, Wallmuller's CrR 7.8 motion was untimely under RCW 10.73.090 and, thus, the trial court lacked authority to dismiss it and was required to transfer it to this Court for consideration as a personal restraint petition. *Smith*, 144 Wn. App. at 863.

Even assuming that Wallmuller's CrR 7.8 motion was not barred by RCW 10.73.090, the trial court still lacked authority to deny the motion because it was required to transfer the motion to this Court unless it found (1) that Wallmuller made a substantial showing that he was entitled to relief or (2) that resolution of his motion required a factual hearing. CrR 7.8(c)(2). Here, the trial court made no such finding, instead denying the motion on the basis that Wallmuller's claims had been previously addressed and rejected by this Court in *Wallmuller*, 164 Wn. App. 890. Under the plain language of CrR 7.8, the trial court lacked authority to deny Wallmuller's motion on this basis and, thus, abused its discretion in doing so.

Despite the plain language of CrR 7.8, the State argues that the trial court was required to deny Wallmuller's motion under *State v. Brand*, 120 Wn.2d 365, 842 P.2d 470 (1992). We disagree. In *Brand*, a case predating the current procedural language of CrR 7.8,[2] our Supreme Court held that the successive petition rule of RCW 10.73.140 applies to CrR 7.8 motions by analogy and, thus, a trial court "may not consider a CrR 7.8(b) motion if the movant has previously brought a collateral attack on similar grounds." 120 Wn.2d at 370. Notably, the

---

[2] Before 2007, CrR 7.8 permitted trial courts to deny a CrR 7.8 motion without a hearing if the alleged facts failed to establish grounds for relief. *Smith*, 144 Wn. App. at 862 (citing former CrR 7.8(c) (1986)).

*Brand* court did not clarify whether a trial court lacking authority to "consider" a CrR 7.8(b)

motion on this basis is required to deny the motion or transfer the motion to the appellate court.

120 Wn.2d at 370. As CrR 7.8 has been amended since *Brand* to eliminate language permitting

trial courts to deny motions that fail to establish grounds for relief, it would appear that the

proper course is for a trial court to transfer a CrR 7.8 under these circumstances. Regardless, we

need not address the proper remedy here because the trial court did not deny Wallmuller's

motion based on a previous collateral attack raising the same grounds, but rather denied the

motion because Wallmuller had raised the same claim in a direct appeal. Accordingly, *Brand*

does not apply, and we hold that the trial court abused its discretion when denying Wallmuller's

CrR 7.8 motion. We therefore remand to the trial court to adhere to CrR 7.8.

## II. LFO REMISSION ORDER

Next, Wallmuller contends that the trial court erred in its order to remit legal financial

obligations by reducing the discretionary $7,365.90 court appointed attorney fee to $250, rather

than eliminating the fee altogether based on his inability to pay. Wallmuller acknowledges that

he did not designate the trial court's LFO remission order in his notice of appeal but asserts that

we may review the order under RAP 2.4(b). We disagree.

RAP 2.4(b) provides in relevant part:

> **Order or Ruling Not Designated in Notice.** The appellate court will review a trial
> court order or ruling not designated in the notice, including an appealable order, if
> (1) the order or ruling prejudicially affects the decision designated in the notice,
> and (2) the order is entered, or the ruling is made, before the appellate court accepts
> review.

Here, we accepted review of Wallmuller's appeal from the denial of his CrR 7.8 motion

on May 22, 2017, the date that he filed his notice of appeal with the trial court. *See* RAP 6.1

("The appellate court 'accepts review' of a trial court decision upon the timely filing in the trial court of a notice of appeal from a decision which is reviewable as a matter of right."); RAP 2.2(a)(10) (orders on motions to vacate judgment appealable as a matter of right). The trial court entered its LFO remission order more than two months later, on August 1, 2017. Because the trial court entered its LFO remission order after we accepted review of the CrR 7.8 ruling, RAP 2.4(b) does not apply. Moreover, the trial court's LFO remission order is wholly unrelated to the CrR 7.8 ruling and, thus, RAP 2.4(b) does not apply for this reason as well.

Because Wallmuller did not appeal from the LFO remission order and because RAP 2.4(b) does not permit review of the order, the order is not properly before us in this appeal, and we do not further address it.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Worswick, P.J.

We concur:

Johanson, J.

Bjorgen, J.