# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 58369-1-II |
| Respondent, | |
| v. | |
| JARROD ALLAN AIRINGTON, | PUBLISHED OPINION |
| Appellant. | |

CRUSER, C.J.—Jarrod A. Airington appeals from the trial court's denial of his second CrR 7.8 motion. Because the trial court failed to determine that Airington had good cause for failing to raise his new issues in his prior collateral attacks, the trial court erred in deciding the second CrR 7.8 motion on its merits. But because the record fails to demonstrate that Airington had good cause for filing a successive CrR 7.8 motion, we affirm the trial court's decision.

## FACTS

### I. CONVICTION AND APPEAL

In February 2019, a jury convicted Airington of first degree kidnapping, second degree assault, two counts of unlawful possession of a controlled substance (methamphetamine and heroin) with intent to deliver, and first degree unlawful possession of a firearm. Airington appealed.

No. 58369-1-II

Division Three of this court affirmed the convictions but remanded the matter for resentencing following *State v. Blake*, 197 Wn.2d 170, 481 P.3d 521 (2021).[1] *State v. Airington*, No. 37975-2-III, slip op. at 1 (Wash Ct. App. Sept. 30, 2021) (unpublished), https://www.courts.wa.gov/opinions/pdf/379752_unp.pdf. The appeal mandated in February 2022. The trial court entered an amended judgment and sentence on April 15, 2022.

## II. PRIOR CrR 7.8 MOTION AND PERSONAL RESTRAINT PETITION

On May 20, 2022, a little over a month after entry of the amended judgment and sentence, Airington filed his first collateral attack on his judgment and sentence in the trial court. In a timely CrR 7.8 motion, he asked the trial court to find that the evidence was insufficient to support his first degree unlawful possession of a firearm conviction. The trial court transferred the motion to this court for consideration as a personal restraint petition (PRP) under CrR 7.8(c)(2) after having determined that (1) the motion was untimely under RCW 10.73.090, (2) Airington had not made a substantial showing that he was entitled to relief, and (3) resolution of the matter would not require a factual hearing.

In November 2022, Airington filed a new pleading challenging the adequacy of the charging document for the firearm offense that this court accepted as a timely supplement to his PRP. Decl. of Statement of Additional Grounds, *In re Pers. Restraint of Airington*, No. 57352-1-II at 1-2 (Wash. Ct. App. Nov. 16, 2022); Ruling, *Airington*, No. 57352-1-II (Wash. Ct. App. Nov 21, 2022).

---

[1] The issues raised in the appeal were not the same as the issues in the CrR 7.8 motion currently before us.

2

No. 58369-1-II

We held that this PRP was timely in light of his resentencing. *In re Pers. Restraint of Airington*, No. 57352-1-II (Wash. Ct. App. Apr. 30, 2024) (unpublished), https://www.courts.wa.gov/opinions/pdf/D2%2057352-1-II%20Unpublished%20Opinion.pdf. But we denied the PRP because his arguments either lacked merit or he was unable to demonstrate actual and substantial prejudice. *Id.* at 2.

Meanwhile, on January 11, 2023, Airington initiated a second timely collateral attack on his judgment and sentence by filing a PRP in this court. We transferred this PRP to our supreme court as successive. Ord. Transferring Pet., *In re Pers. Restraint of Airington*, No. 57769-1-II (Wash. Ct. App. Mar. 28, 2024). The deputy commissioner of the supreme court dismissed the PRP as frivolous.[2] Ruling Dismissing Pers. Restraint Pet., *In re Per. Restraint of Airington*, No. 102907-1 (Wash. Apr. 9, 2024) at 4.

### III. SECOND 7.8 MOTION

In March 2023, while Airington's other collateral reviews were still pending, Airington initiated a third timely collateral attack on his judgment and sentence by filing a CrR 7.8 motion in the trial court. In this motion, Airington argued that the trial court erred when it calculated his offender score because it included (1) two washed-out juvenile offenses and (2) three prior felony firearm convictions that were "facially invalid [due] to insufficient charging document informations" that omitted the "knowledge" element of the offense of unlawful possession of a firearm. Clerk's Papers at 82, 85. Airington also asserted that he had been unable to raise these

---

[2] In this PRP, Airington did not raise any of the issues he raised in the CrR 7.8 motion currently before us.

3

new issues in his earlier collateral attacks because of a "lack of documentation to support these arguments." *Id.* at 82.

The trial court considered the March 2023 motion. Without hearing argument from the parties or discussing whether Airington had good cause for not previously raising his new issues, the trial court denied the motion because it "lack[ed] merit." Verbatim Rep. of Proc. at 20.

The trial court issued written findings of fact and conclusions of law regarding the denial of the March 2023 motion. These findings addressed the merits of Airington's arguments. But they did not address whether the motion was successive or whether Airington's assertion that he could not have raised these issues in his earlier collateral attacks amounted to just cause for failing to previously raise this issue.

Airington appeals the trial court's denial of his March 2023 CrR 7.8 motion.

## ANALYSIS

Airington argues that the trial court erred when it rejected his argument that his prior unlawful possession of a firearm convictions should not have been included in his offender score and denied his timely CrR 7.8 motion on the merits.[3] Because Airington's motion was a subsequent collateral attack and the trial court did not make findings regarding whether Airington had good cause for failing to raise these new grounds in his previous collateral attacks, the trial court erred by denying the motion on its merits. But because the record does not establish good cause for filing a subsequent collateral attack under RCW 10.73.140, which applies to collateral attacks brought in the trial court through CrR 7.8(b), we affirm the trial court.

---

[3] Airington appears to have abandoned his juvenile washout argument.

CrR 7.8 motions are a form of collateral attack and are subject to the restrictions placed on successive petitions stated in RCW 10.73.140. CrR 7.8(b);[4] *In re Pers. Restraint of Becker*, 143 Wn.2d 491, 496, 20 P.3d 409 (2001); *State v. Fletcher*, 19 Wn. App. 2d 566, 578, 497 P.3d 886 (2021). Where, as here, a defendant has already filed a prior collateral attack in the trial court, the trial court must determine whether a subsequent collateral attack is barred under RCW 10.73.140 before considering the merits of the defendant's arguments. *See State v. Brand*, 120 Wn.2d 365, 370, 842 P.2d 470 (1992) (RCW 10.73.140 applies to collateral attacks filed in the trial court by analogy through CrR 7.8(b); "a court may not consider a CrR 7.8(b) motion" if the movant does not comply with RCW 10.73.140); *Fletcher*, 19 Wn. App. 2d at 578-79. Under RCW 10.73.140, a second or subsequent collateral attack will not be considered unless the defendant certifies " 'that he or she has not filed a previous petition on similar grounds, *and* shows good cause why [they] did not raise the new grounds in the previous petition.' " *Fletcher*, 19 Wn. App. 2d at 578-79 (emphasis added) (quoting RCW 10.73.140).

The parties do not dispute that Airington raised new issues in his March 2023 CrR 7.8 motion. But, although Airington alleged in his March 2023 motion that he could not have raised his new issues in his prior collateral attacks because he did not have access to the necessary documentation, the trial court never addressed whether this amounted to good cause for failing to previously raise this issue. The trial court's failure to consider good cause before considering the merits of the motion was error.

---

[4] CrR 7.8(b) provides, in part, that CrR 7.8(b) motions are "subject to RCW 10.73.090, .100, .130, and .140."

But because the record before us is the same as the record before the trial court, we may consider whether Airington established good cause. *See Fletcher*, 19 Wn. App. 2d at 580-81 (rejecting trial court's good cause analysis and concluding there was a lack of good cause based on existing record). We hold that he did not. Although Airington asserted that he was unable to file his third collateral attack earlier because he was having problems locating the documentation necessary to support his arguments, he was in fact able to locate the documents in time to file a timely collateral attack raising these arguments. This demonstrates that there was no good cause for failing to raise the new issues in his original collateral attack because he could have either waited to file a single, timely collateral attack or moved to amend his first collateral attack, which was still pending before this court, to include the same issues within the one-year time-bar period.

Because the record demonstrates that Airington did not have good cause for failing to include the new issues in his first collateral attack, his motion was barred under RCW 10.73.140 and, ultimately, dismissal was still appropriate. Accordingly, we affirm the trial court.[5]

CRUSER, C.J.

We concur:

VELJACIC, J.

CHE, J.

---

[5] We note that because this is an appeal from the trial court's decision on the merits and not a CrR 7.8 motion that was transferred to this court for consideration as a PRP, we cannot transfer the motion to our supreme court under RCW 10.73.140. *Fletcher*, 19 Wn. App. 2d 581.